**Juan Jose VERGARA–MOLINA, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 91–1849.

United States Court of Appeals, Seventh Circuit.

Argued Dec. 17, 1991.

Decided Feb. 10, 1992.

Rehearing Denied March 5, 1992.

David Rubman (argued), Susan Valentine, Robinson, Curley & Clayton, Chicago, Ill., for petitioner.

Ira H. Raphaelson, Asst. U.S. Atty., Crim. Div., Chicago, Ill., Alison R. Drucker, Lori L. Scialabba, David J. Kline, Ellen Shapiro (argued), Dept. of Justice, Office of Immigration Litigation, Washington, D.C., A.D. Moyer, I.N.S., Chicago, Ill., for respondent.

Before POSNER, FLAUM and RIPPLE, Circuit Judges.

RIPPLE, Circuit Judge.

Petitioner Juan Jose Vergara–Molina (Vergara) appeals the decision of the Board of Immigration Appeals (BIA or Board) that refused to grant him a discretionary waiver of deportation under 8 U.S.C. § 1182(c). Mr. Vergara argues that the Board failed to consider factors weighing in favor of the waiver. We conclude that the BIA adequately considered all the necessary factors and thus dismiss the petition for review and affirm the decision of the Board.

## I

## BACKGROUND

Mr. Vergara is a forty-one year old Colombian citizen who has legally resided in the United States for ten years. Since his arrival here, Mr. Vergara has been convicted of two controlled substance violations. Because of the convictions, the Immigration and Naturalization Service (INS) sought to deport Mr. Vergara pursuant to 8 U.S.C. § 1251(a)(2)(B). Mr. Vergara, however, sought a waiver of deportability under Section 212(c) of the Immigration Act. 8 U.S.C. § 1182(c). After a hearing on the matter, an Immigration Judge (IJ) denied the waiver. Mr. Vergara then appealed to the BIA.

The Board's consideration of Mr. Vergara's petition centered on the methodology set forth in *Matter of Marin*, 16 I. & N. Dec. 581 (BIA 1978), a case that requires the BIA to balance the factors in favor of deportation with the factors in favor of waiver. Applying the *Marin* balancing test to the facts of Mr. Vergara's case, the BIA decided that, because Mr.

Vergara had engaged in serious drug offenses, he would have to establish "unusual and outstanding equities." The Board further noted that the primary equity in Mr. Vergara's favor was his "caring and supportive family in the United States who would undoubtedly experience some hardship if he were deported." But, despite this hardship, the BIA found that Mr. Vergara could not establish equities sufficient to warrant discretionary relief.

## II

## ANALYSIS

### A. The Standard of Review

 This court has jurisdiction to review all final orders of deportation. 8 U.S.C. § 1105a(a). In immigration cases, an order is only final after the BIA issues its opinion. *Cordoba–Chaves v. INS*, 946 F.2d 1244, 1246 (7th Cir.1991). Thus, this court must review the decision of the BIA, not the IJ. *Id.* Our review of the BIA's decision is limited. This court can only review decisions for abuse of discretion. *Id.* The Board abuses its discretion if its decision "was made without a rational explanation, ... inexplicably departed from established policies, or ... rested on an impermissible basis." *Id.* (citing *Bal v. Moyer*, 883 F.2d 45, 46 (7th Cir.1989)).

### B. Merits

Section 241(a) of the Immigration Act allows the Attorney General, acting through the INS, to deport permanent resident aliens with one or more drug-related convictions. 8 U.S.C. § 1251(a)(2)(B). An alien faced with deportation may, however, apply for discretionary relief under section 212(c) of the Act. 8 U.S.C. § 1182(c).[1]

 As we have already noted, when deciding whether to award discretionary relief, the BIA applies a balancing test. *Matter of Marin*, 16 I. & N. Dec. 581. This test weighs the "alien's undesirability as a permanent resident [against] the social and humane considerations presented in his behalf." *Id.* at 584. As the Board noted in *Marin*, it has not adopted an inflexible test to determine whether a section 212(c) waiver ought to be granted. *Id.* Instead, it has emphasized that each case must be judged on its own merits. *Id.* Factors that have been found to indicate undesirability are (1) the nature and circumstances of the ground of exclusion, (2) the presence of other immigration violations, and (3) the alien's criminal record. *Id.* Factors that have been found to favor waiver include (1) family ties, (2) the length of time in the United States, (3) potential hardship to the alien's family, (4) service in the Armed Forces, (5) employment history, (6) service to the community, and (7) rehabilitation. Recently, the Board has emphasized that "a proper determination as to whether an alien has demonstrated unusual or outstanding equities can only be made after a complete review of the favorable factors in his case." *Matter of Edwards*, Interim Decision 3134 at 7 n. 3 (BIA 1990).

Mr. Vergara contends that the Board abused its discretion by failing to give a rational basis for its decision and by violating its own policies. Mr. Vergara contends that the Board failed to consider crucial factors in the *Marin* balancing test. Specifically, he argues that the Board ignored evidence of his rehabilitation, steady employment, service to the community, and good character. Mr. Vergara points to the Board's concluding paragraph to support his position. In that paragraph, the BIA noted that the "primary equity the respondent has shown is his caring and supportive family in the United States who would undoubtedly experience some hardship if he were deported." Mr. Vergara further suggests that the Board did not consider rehabilitation and notes that the Board never uses the term in its opinion except to point out that evidence of rehabilitation is not necessary to a favorable exercise of discre-

---

1. Although § 212(c) expressly applies only to aliens who are returning "to a lawful unrelinquished domicile of seven consecutive years," it has been interpreted to apply also to deportable aliens who have not left the country and who meet the seven year requirement. *Variamparambil v. INS*, 831 F.2d 1362, 1364 n. 1 (7th Cir.1987).

tion.[2]

The Board abuses its discretion when it fails to weigh important factors and to state its reasons for denying relief. *Blackwood v. INS*, 803 F.2d 1165, 1168 (11th Cir.1986). The Board need not, however, "write an exegesis on every contention. What is required is merely that it consider the issues raised and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." *Becerra–Jimenez v. INS*, 829 F.2d 996, 1000 (10th Cir.1987). The BIA's opinion in Mr. Vergara's case, when assessed as a whole, demonstrates adequately, albeit imperfectly, that the Board heard and thought about the relevant factors. In its concluding paragraph, the Board discussed Mr. Vergara's close family ties and potential family hardship. These factors were undeniably Mr. Vergara's strongest point and we certainly cannot fault the Board for emphasizing them. Mr. Vergara correctly contends that the BIA's final paragraph does not discuss specifically rehabilitation, employment, or service to the community. However, we must not view that paragraph in isolation. The Board at least notes all the relevant factors, including his steady employment and work as a drug counselor, elsewhere in its opinion. This mention establishes that the Board considered Mr. Vergara's family, character, and employment. Our cases do not require a specific format for Board decisions. Instead, they require the Board to illustrate that it "has heard and thought" about important issues. Under this standard, the Board's opinion is acceptable.

There can be no argument that rehabilitation, while not an absolute prerequisite

for relief in section 212(c) cases, is an important factor in the case of an applicant who has a criminal record. Indeed, rehabilitation " 'ordinarily' " will be required before relief will be granted. *Matter of Edwards*, Interim Decision 3134 at 8 (citing *Matter of Buscemi*, 19 I. & N. Dec. 628 (BIA 1988)). Here, the BIA did not discuss specifically certain facts relating to rehabilitation. The Board did not, for instance, mention Mr. Vergara's college credits. The Board need not, however, mention every relevant fact in its opinion. In our view, the BIA demonstrated that it considered adequately rehabilitation when it discussed Mr. Vergara's steady employment and his work as a drug counselor.[3] The BIA's recitation in another part of its opinion that rehabilitation is not necessary to relief, taken out of context, may appear to support Mr. Vergara's charge that the Board did not consider rehabilitation. However, the setting of the statement in the opinion indicates that it was intended simply as a general statement of governing law. The statement was placed immediately after a general discussion of other administrative precedent. In any event, the statement merely recognizes that rehabilitation, rather than essential to a favorable exercise of discretion, is merely a factor to be considered in the Board's determination.

### Conclusion

The Board considered all relevant factors. Given our deferential standard of review,[4] it is not our role to reweigh the applicable factors or to second-guess the determination that the Board reached. Accordingly, the petition for review must be

---

2. The Board stated:
 Regarding the factor of rehabilitation, we recently noted in *Matter of Edwards*, (citation omitted), that rehabilitation is not an absolute prerequisite to a favorable exercise of discretion; instead, Section 212(c) applications must be evaluated on a case-by-case basis with rehabilitation being a factor to consider in the exercise of discretion.
 According to Mr. Vergara's opening brief, "it appears from this statement that the Board felt that there was no rehabilitation presented in Mr. Vergara's case."

3. Mr. Vergara invites our attention to *Shahandeh–Pey v. INS*, 831 F.2d 1384 (7th Cir.1987). However, in that case, the Board failed to mention any evidence in support of the petitioner's well-found fear of persecution. *Id.* at 1388.

4. Deferential review is, of course, not the functional equivalent of no review at all. We emphasize that our review of Board decisions is greatly aided—and expedited—when we have the benefit of a well-structured, plenary exposition of the Board's view.

dismissed and the decision of the Board affirmed.

PETITION DISMISSED; BOARD DECISION AFFIRMED.