989 F.2d 499
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Emelina Cruz-Reyes DE SEGOVIA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 92-4117.
 United States Court of Appeals, Sixth Circuit.
 March 17, 1993.
 
 Before MILBURN and DAVID A. NELSON, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Emelina Cruz-Reyes De Segovia is a Cuban native who seeks review of a Board of Immigration Appeals order which denied her petition for relief from deportation under section 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c). Her case has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. The parties have waived oral argument, and the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 De Segovia emigrated to the United States from Cuba in 1980. In 1981, she married a United States citizen, Flavio De Segovia. They were divorced for a time, but continued their relationship and purchased a home together in Minnesota. De Segovia rented part of this home to her nephew and another individual who were trafficking in cocaine.
 
 
 3
 In 1991, Mrs. De Segovia was charged with deportability after being convicted of conspiracy to possess with the intent to distribute cocaine. 8 U.S.C. § 1251(a)(2)(B)(i). She conceded deportability and applied for an equitable waiver of deportation pursuant to § 212(c). An immigration judge ("IJ") denied her application, and the Board of Immigration Appeals dismissed her appeal on October 1, 1992. De Segovia now seeks judicial review of the Board's order.
 
 
 4
 In determining whether the Board abused its discretion, we consider whether it denied De Segovia's application without a rational explanation, inexplicably departed from established policies, or relied on an impermissible basis such as invidious discrimination against a particular race or group. See Balani v. INS, 669 F.2d 1157, 1161 (6th Cir.1982) (per curiam). De Segovia has not argued that the Board's order was discriminatory. In addition, the Board followed established policies by balancing adverse factors that evidenced De Segovia's undesirability as a permanent resident against social and humane considerations to determine whether granting § 212(c) relief was in the best interest of the country. See Matter of Marin, 16 I. & N. Dec. 581, 584-85 (BIA 1978). Finally, an examination of the equities involved indicates that the Board did provide a rational basis for its decision.
 
 
 5
 The IJ found that De Segovia was required to show unusual or outstanding equities because of her drug conviction. Cf. Ayala-Chavez v. INS, 944 F.2d 638, 641 (9th Cir.1991). In addition, the IJ found that De Segovia was a willing participant in the cocaine operation and that she had been arrested for disorderly conduct and for petty larceny and possession of stolen property in 1983. These adverse factors were balanced against several equitable considerations including De Segovia's residency in the United States since 1980, and the fact that she had remarried her husband, a resident of the United States. The IJ also noted De Segovia's testimony which indicated that she would suffer persecution if she were forced to return to Cuba. Nevertheless, the IJ declined to find that these equities were unusual or outstanding or that they were sufficient to overcome the evidence regarding her conviction. Consequently, he ordered De Segovia's deportation to Ecuador, or to Cuba if Ecuador would not accept her.
 
 
 6
 De Segovia had the burden of demonstrating that her application for a waiver from deportation deserved favorable consideration. See Villarreal-San Miguel v. INS, 975 F.2d 248, 250 (5th Cir.1992). She argues that the IJ failed to consider medical records which demonstrate that she had a manic depressive disorder and borderline personality. In essence, she argues that her mental condition made her susceptible to threats from her nephew and others who coerced her cooperation in the drug operation. However, the IJ considered De Segovia's demeanor at her hearing as well as her testimony regarding disability benefits that she had received because of a mental impairment. Moreover, the Board's order clearly states that it reviewed the disputed records and found that they would probably not change the result in this case.
 
 
 7
 De Segovia also argues that her presentence report shows that she was only a minor participant in the drug operation. However, the report also indicates that De Segovia had acted as a translator for her nephew during drug transactions and that she had personally sold approximately 8 grams of cocaine to an undercover agent. Therefore, the Board did not abuse its discretion by disagreeing with De Segovia as to the level of her participation.
 
 
 8
 Finally, De Segovia argues that the Board and the IJ failed to consider evidence of her rehabilitation. Cf. Akinyemi v. INS, 969 F.2d 285, 289-90 (7th Cir.1992). In the present case, the IJ's decision identifies rehabilitation as a favorable consideration. The IJ described several exhibits which supported De Segovia's contention that she was a model prisoner and that she had performed volunteer work in prison. He also elicited testimony and admitted evidence regarding De Segovia's rehabilitation at the hearing. Therefore, De Segovia's attempts at rehabilitation were adequately considered before her request for a waiver was denied. See Vergara-Molina v. INS, 956 F.2d 682, 685 (7th Cir.1992).
 
 
 9
 Accordingly, the Board's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.