12 F.3d 1101
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
German VALDEZ-TRUJILLO, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE Respondent.
 No. 93-1864.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 16, 1993.*
Decided Nov. 18, 1993.
 
 Before COFFEY, FLAUM and KANNE, Circuit Judges.
 
 ORDER
 
 1
 German Valdez-Trujillo petitions for review of the decision of the Board of Immigration Appeals ("BIA") which refused to grant him a discretionary waiver of deportation to Mexico under 8 U.S.C. Sec. 1182(c). For the following reasons, we deny the petition for review and affirm the decision of the BIA.
 
 
 2
 Trujillo entered the United States illegally in 1978. He became a lawful permanent resident in 1981. In 1990 Trujillo pleaded guilty in the Circuit Court of Cook County, Illinois, to unlawful possession with intent to deliver between 400 and 900 grams of cocaine, and to unlawful possession of between 1 and 15 grams of cocaine. He was sentenced to 14 years' imprisonment. As a result of these convictions, the Immigration and Naturalization Service ("INS") sought to deport Trujillo under 8 U.S.C. Sec. 1251(a)(2)(A)(iii). Trujillo conceded his deportability before an immigration judge and sought discretionary relief under 8 U.S.C. Sec. 1182(c).[1] The immigration judge denied relief, and the BIA affirmed.
 
 
 3
 We have jurisdiction to review all final orders of deportation. 8 U.S.C. Sec. 1105a(a). We review the decision of the BIA, not the immigration judge. Vergara-Molina v. INS, 956 F.2d 682, 684 (7th Cir.1992). Discretionary denials are reviewed for abuse of discretion and are "limited to whether the discretion was actually exercised and whether it was exercised in an arbitrary and capricious manner." Garcia-Lopez v. INS, 923 F.2d 72, 74 (7th Cir.1991). The BIA abuses its discretion if its decision was made without a rational explanation, inexplicably departed from established policies, or rested upon an impermissible basis. Cordoba-Chaves v. INS, 946 F.2d 1244, 1246 (7th Cir.1991).
 
 
 4
 In exercising discretion under section 1182(c), the BIA must balance the social and humane considerations presented in favor of an alien against the adverse factors evidencing an alien's undesirability as a permanent legal resident. Matter of Marin, 16 I. & N.Dec. 581, 584 (B.I.A.1988). In Marin, the BIA articulated a list of favorable and unfavorable factors to be weighed in the context of an application under section 1182(c). Id. Favorable factors include family, property, or business ties in the United States; residence of long duration; evidence of hardship to the alien and his family if he is deported; evidence of value and service to the community; a history of employment, and proof of genuine rehabilitation if a criminal record exists. Id. Unfavorable factors include the nature, recency, and seriousness of a criminal offense and evidence of an alien's bad character or undesirability as a permanent legal resident. Id.
 
 
 5
 As the negative factors grow more serious, the alien must introduce additional off-setting favorable evidence, which may involve unusual or outstanding equities. Id. at 585. This heightened showing is required when an alien has been convicted of a serious drug offense involving the trafficking or sale of drugs. Id.; Bellido-Torres v. INS, 992 F.2d 127, 129 (7th Cir.1993). Even upon such a showing, the BIA may properly determine that negative factors outweigh unusual or outstanding equities. Guillen-Garcia v. INS, 999 F.2d 199, 204 (7th Cir.1993).
 
 
 6
 Trujillo first contends that the BIA erred in its balancing of the equities and the adverse factors in his case. Trujillo points to his years of lawful residence, his treatment for addiction while imprisoned, his children, and his close family ties to his parents and seven siblings. Although the BIA found his length of residence and family ties to be "unusual or outstanding equities" in his favor, it determined that these factors were outweighed by the serious nature of the crimes Trujillo committed and his lack of financial support of his children. In making this determination, the BIA properly balanced all relevant factors within the Marin framework. The BIA's decision was not irrational, did not depart from any established BIA policy, and did not rest upon an impermissible basis. Therefore, the BIA did not abuse its discretion in its balancing of the equities.
 
 
 7
 Trujillo next contends that the record contains sufficient evidence of rehabilitation which the BIA ignored in its balancing of equities. Rehabilitation is an important factor in the BIA's exercise of discretion when an applicant has a criminal record. Vergara-Molina v. INS, 956 F.2d 682, 684 (7th Cir.1992). There are two aspects to rehabilitation: (1) the restoration of an alien to a drug-free life, and (2) the restoration of the alien to a way of life where future criminal conduct is unlikely. Palacios-Torres v. INS, 995 F.2d 96, 99 (7th Cir.1993). In these areas, the BIA "necessarily makes a judgment call, involving an estimate or prediction of an individual's future conduct." Id. The BIA may consider evidence of the nature and seriousness of the crime, repeat offenses, an alien's remorse and admission of guilt, enrollment in a drug-treatment program, indicia that an alien is no longer addicted to drugs, and the credibility and candor of an alien in answering questions at the deportation hearing. Id.
 
 
 8
 We conclude that the BIA acted within its discretion in finding insufficient evidence of rehabilitation. The BIA considered Trujillo's denial that he intended to distribute over 400 grams of cocaine found in his home; his assertion that the police planted 11 grams of cocaine in his home after his first arrest; and his voluntary withdrawal from a prison drug rehabilitation program after two months. The BIA found significant approximately seven disciplinary citations received by Trujillo since his imprisonment for infractions of prison rules, including a citation for harboring drugs and drug paraphernalia in his cell. Trujillo explained that the drug was a sleeping pill which he forgot to throw away, but the BIA found that this explanation was incredible. This credibility finding is given substantial deference by a reviewing court. Berroteran-Melendez v. INS, 955 F.2d 1251, 1256 (9th Cir.1992). In these circumstances, the BIA could properly find that Trujillo had not been restored to a drug-free way of life, and that future criminal conduct by Trujillo was likely.
 
 
 9
 Trujillo's final argument is that the BIA failed to consider additional evidence offered by Trujillo on appeal, including an affidavit regarding alleged translation errors at the deportation hearing. The errors concerned Trujillo's method of financing his drug addiction, which allegedly implied that Trujillo was more deeply involved in criminal activity. Trujillo asserts that the affidavit regarding the translation errors demonstrated his rehabilitation. In this case, the BIA noted that it generally does not review evidence submitted to it for the first time on appeal. Matter of Soriano, 19 I. & N.Dec. 764, 766 (B.I.A.1988). Nevertheless, the BIA went on to consider the affidavit errors and the other additional evidence, and found them to be irrelevant to an analysis of Trujillo's equities and rehabilitation. Trujillo has not shown otherwise. See Henry v. INS, Nos. 91-2252, 92-1476, & 92-2801, slip. op. at 23 (7th Cir. Oct. 15, 1993) (Petitioners under 8 U.S.C. Sec. 1182(c) are entitled to consideration of their supplemental evidence by the BIA).
 
 
 10
 Trujillo's petition is DENIED, and the BIA's decision is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 Although 8 U.S.C. Sec. 1182(c) expressly applies only to aliens who are returning "to a lawful unrelinquished domicile of seven consecutive years," the INS and this court have interpreted the statute to apply also to deportable aliens who have not left the United States and who have met the seven year requirement. Variamparambil v. INS, 831 F.2d 1362, 1364 n. 1 (7th Cir.1987)