19 F.3d 18
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Mohammad Said BAZZI, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 92-4277.
 United States Court of Appeals, Sixth Circuit.
 March 1, 1994.
 
 Before: KENNEDY, SILER, and BATCHELDER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Mohamad Said Bazzi petitions this court for review of the Board of Immigration Appeals' ("BIA") decision denying him discretionary relief under 8 U.S.C. Sec. 1182(c), which is Sec. 212(c) of the Immigration and Nationality Act. Bazzi claims that the BIA abused its discretion in so ruling. We remand.
 
 Background
 
 2
 Bazzi was admitted to the United States as a permanent resident on April 27, 1976, at the age of thirty-one. Shortly thereafter, he began to have medical problems, including a mental illness. On June 27, 1979, Bazzi shot and killed his wife. On October 29, 1979, he was convicted of second-degree murder and unlawful possession of a firearm.
 
 
 3
 The Immigration and Naturalization Service initiated deportation proceedings while Bazzi was in prison. However, the proceedings were continued until December 3, 1985, after Bazzi's release from prison. At that time, Bazzi conceded deportability. Nevertheless, on April 8, 1986, the Immigration Judge ("IJ") granted Bazzi discretionary relief under Sec. 1182(c). On November 19, 1992, the BIA reversed the IJ and ordered Bazzi deported to Lebanon. Bazzi now appeals the BIA's decision.
 
 Analysis
 
 4
 Section 1182(c)[1] provides discretionary relief from deportation to permanent resident aliens who have accrued seven years of lawful unrelinquished domicile. Butros v. INS, 990 F.2d 1142, 1143 (9th Cir.1993) (en banc). In deciding whether to exercise discretion in the applicant's favor, the IJ must "balance the adverse factors ... with the social and humane considerations presented in [the applicant's] behalf." Re Marin, 16 I & N Dec. 581, 584-85 (BIA 1978). An applicant with a criminal record must ordinarily "evidence rehabilitation before the legal leniency of 8 U.S.C. Sec. 1182(c) will be invoked." Villarreal-San Miguel v. INS, 975 F.2d 248, 251 (5th Cir.1992). Furthermore, an applicant convicted of murder must demonstrate unusual or outstanding equities. See Gouveia v. INS, 980 F.2d 814, 817 (1st Cir.1992).
 
 
 5
 Bazzi claims the BIA abused its discretion in denying Sec. 1182(c) relief, arguing that the BIA misinterpreted and failed to consider certain equities. We review the denial of relief under Sec. 1182(c) for abuse of discretion. Villarreal-San Miguel, 975 F.2d at 250. A denial will be upheld unless it is "arbitrary, irrational, or not in accordance with the law." Id. (internal quotations omitted). The BIA abuses its discretion when it fails to weigh important factors and state reasons for denying relief. Vergara-Molina v. INS, 956 F.2d 682, 685 (7th Cir.1992).
 
 
 6
 1. Interpretation of the evidence.
 
 
 7
 Bazzi asserts that the BIA committed several errors in interpreting the evidence. First, Bazzi claims that the BIA erroneously departed from the IJ's finding by determining that his expressions of sorrow were not genuine. However, the BIA was permitted to review the administrative record de novo in deciding whether to grant discretionary relief. See Gouveia, 980 F.2d at 817. As the BIA found, Bazzi justified his actions by blaming the victim for the crime. Therefore, the BIA's finding is supported by substantial evidence. Cf. id. at 818.
 
 
 8
 Second, Bazzi claims that the BIA erroneously assumed that he fired the first shot at his wife with criminal purpose. The BIA properly considered the circumstances surrounding Bazzi's convictions, which are useful in indexing the nature and gravity of Bazzi's convictions. Id. at 817. However, contrary to Bazzi's argument, the BIA accurately characterized the evidence. The BIA recognized that Bazzi shot his wife five times and acknowledged Bazzi's claim that his gun discharged during a struggle with his wife. Therefore, the record reveals no erroneous assumptions about Bazzi's criminal purpose.
 
 
 9
 Even if the BIA mischaracterized Bazzi's purpose in firing the first shot, this is not material to whether Bazzi murdered his wife and, thus, could not alter Bazzi's obligation to demonstrate unusual or outstanding equities as a prerequisite to obtaining discretionary relief. See id. at 817.
 
 
 10
 Third, Bazzi asserts that the BIA erred by holding that he was found not to be mentally ill or insane at the time of the murder. Bazzi is correct, as the state court record of conviction indicates that Bazzi committed murder but was mentally ill. Nevertheless, the BIA's error did not affect the determination that Bazzi murdered his wife. Thus, the error did not alter Bazzi's obligation to demonstrate unusual or outstanding equities as a prerequisite to obtaining discretionary relief, see Gouveia, 980 F.2d at 817, but it may be a factor in weighing the equities against the crime of which Bazzi was convicted.
 
 
 11
 2. Consideration of the equities.
 
 
 12
 Finally, Bazzi claims that the BIA erred in failing to consider certain equities. First, Bazzi claims that the BIA failed to consider that his deportation would deprive his children of necessary financial support. However, the Board recognized that Bazzi's "children would be deprived of the love and emotional support of their father" and acknowledged that Bazzi's deportation would cause the children "hardship for the reasons noted by the immigration judge." The IJ, in turn, weighed "the dependency of the three children on their father."
 
 
 13
 Second, Bazzi claims that the BIA failed to consider equities that have developed during the six years since his deportation hearing. These equities are significant. However, this is not the appropriate venue for evaluating an application for discretionary relief that is based on "circumstances which have arisen subsequent to the hearing." 8 C.F.R. Sec. 3.2. To gain consideration of these equities, Bazzi must file a motion to reopen or reconsider with the INS. Id.
 
 
 14
 Nevertheless, in considering the equities, the BIA was required to weigh them against the crime of which Bazzi was convicted, to-wit, second degree murder while mentally ill. Because the BIA made irreconcilable statements that "[t]he immigration judge noted respondent had pled guilty but mentally ill" and that "[t]he respondent was found not to be mentally ill," we think it necessary to remand this matter for clarification. Maybe the BIA intended to show, by its contradictory statements, that it examined the psychiatrists' reports and testimony underlying the Wayne County Circuit Court's decision to accept Bazzi's plea and its judgment. On the other hand, the BIA may have erroneously overlooked the fact that Bazzi was found guilty but mentally ill. In the latter situation, the BIA's misunderstanding of the facts would have precluded it from correctly weighing the equities. We express no opinion on the BIA's result in this case; we simply want to make sure that the BIA has correctly understood the facts in making its decision.
 
 
 15
 Therefore, we remand this matter to the BIA to clarify its findings and weigh the equities against the crime of conviction in determining whether to grant discretionary relief to Bazzi.
 
 
 
 [1]
 Section 1182(c) provides in part that:
 Aliens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General....