21 F.3d 426
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Merkebu WOLDE, Petitioner,
v.
U.S. IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 93-1686.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 8, 1994.
Decided April 1, 1994.
 
 On Petition for Review of an Order of the Immigration and Naturalization Service.
 James K. Kearney, Reed, Smith, Shaw & McClay, Washington, D.C., for petitioner.
 Frank W. Hunger, Assistant Director, David V. Bernal, Civil Division, United States Department of Justice, Washington, D.C., for respondent.
 I.N.S.
 AFFIRMED.
 Before HALL and MICHAEL, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Merkebu Wolde, a citizen of Ethiopia, petitions for review of the Board of Immigration Appeals' (BIA) decision denying his application for waiver of deportation. Because we find that the BIA did not abuse its discretion, we affirm.
 
 
 2
 Wolde entered the United States with his family in 1979 at age fifteen. He was given permanent resident status. In 1983, Wolde pled guilty to second degree rape of a six year old girl. In 1989, the INS issued Wolde an order to show cause why he should not be deported pursuant to 8 U.S.C. Sec. 1251(a)(4) (1988) (current version at 8 U.S.C. Sec. 1251(a)(2)(A)(i) (West Supp.1993)).[1] Wolde conceded deportability and sought a waiver of deportation under 8 U.S.C. Sec. 1182(c) (1988), amended by 8 U.S.C.A. Sec. 1182(c) (West Supp.1993).[2] The immigration judge (IJ) denied Wolde's waiver application. Wolde appealed to the BIA, which adopted the IJ's opinion denying Wolde relief.
 
 
 3
 Initially, Wolde claims that the BIA failed to adequately consider all the evidence because it merely adopted the IJ's opinion. However, the BIA does not have to address every piece of evidence in its own written opinion. See Casalena v. INS, 984 F.2d 105, 107 (4th Cir. 1993) (citing Vergara-Molina v. INS, 956 F.2d 682, 685 (7th Cir.1992)). The BIA only has to show that it considered all the evidence. In the present case, the BIA stated that it had reviewed the entire record, and adopted the IJ's "comprehensive and well-reasoned" opinion. The IJ's opinion discussed all the relevant factors to be considered in determining the merits of an application for waiver relief, and it addressed Wolde's evidence in detail. Hence, the BIA's adoption of the IJ's opinion is sufficient to establish that it considered the evidence before denying Wolde's request. See Casalena, 984 F.2d at 107.
 
 
 4
 Wolde next asserts that he presented sufficient evidence to warrant a grant of waiver relief. We review a denial of waiver relief for abuse of discretion, "and will uphold the decision unless it was arbitrary or capricious." Id. at 106. The alien bears the burden of proving that he should receive a waiver of deportation. Id. To determine if waiver relief is appropriate, the BIA must balance the undesirability of the applicant as a permanent resident against the social and humane considerations provided by the applicant. In re Marin, 16 I. & N. Dec. 581, 584 (BIA 1978). In Marin the BIA laid out the relevant factors for a determination of whether waiver relief should be granted. Factors adverse to an applicant's request include the nature and circumstances of the underlying grounds for deportation, the presence of additional significant violations of this country's immigration laws, the applicant's criminal record, and other evidence of bad character. Id. at 584. The countervailing equities to be considered are family ties in the United States, the length of residency, the hardship of deportation on the alien and his family, employment history, property ownership, business ties, community service, service in the armed forces, proof of genuine rehabilitation, and evidence of good moral character. Id. at 584-85. When the underlying trigger for deportation is a serious crime, the applicant is required to show outstanding or unusual equities. Id. at 586; see also In re Buscemi, 19 I. & N. Dec. 628, 632 (BIA 1988). Based on the seriousness of his crime, Wolde was required to show outstanding equities.
 
 
 5
 In support of his application, Wolde testified as to his family ties in the United States, including his fiancee, his daughter, and his fiancee's pregnancy. He also stated he had worked constantly since leaving prison, holding two jobs until shortly before the hearing. He had
 
 
 6
 not violated his parole or had any trouble with the law since his release from prison. Further, he had entered therapy and had gone regularly until financial and transportation problems had forced him to stop seven to eight months before the hearing. Wolde's therapist also testified. She stated that Wolde had made progress in therapy but that he had not completed the necessary length of treatment and there was more left to accomplish. Further, she stated that, although she considered him "generally ... not a threat" (AR 64), she could not say that there was no risk of repetition given the stress of two children and holding two jobs. Wolde's family members and fiancee did not testify or provide affidavits at the hearing, nor did Wolde provide any evidence of business ties, community service, or property ownership.
 
 
 7
 Based on the evidence, the IJ determined that Wolde presented outstanding equities; however, the seriousness of his crime and his failure to establish complete rehabilitation outweighed these equities and required a denial of waiver relief.
 
 
 8
 Rehabilitation is an important factor in cases where the ground for exclusion is criminal activity. See Cordoba-Chaves v. INS, 946 F.2d 1244, 1247 (7th Cir.1991). Wolde failed to establish that he was rehabilitated. His therapist averred that Wolde could commit the crime again under the right circumstances, and that his therapy was not complete. Moreover, the absence of Wolde's family and fiancee from the proceedings does not demonstrate a strong support system. Wolde's crime, the rape of a six year old child, was serious enough that his lack of rehabilitation and his failure to continue with therapy, whether through lack of money or intent, outweighed his outstanding equities. See Akinyemi v. INS, 969 F.2d 285, 288 (7th Cir.1992) ("A showing of outstanding equities does not compel relief; in exercising its discretion, the BIA may determine that the seriousness of the offense and other negative factors outweigh even unusual or outstanding equities") (citation omitted). Consequently, the BIA did not abuse its discretion in denying Wolde's application for waiver relief.
 
 
 9
 In conclusion, we affirm the BIA's decision adopting the IJ's opinion denying Wolde's application for waiver relief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 This section was formerly referred to as section 241(a)(4)
 
 
 [2]
 Section 1182(c) is sometimes referred to as section 212(c) of the Immigration and Nationality Act. Although Sec. 1182(c) by its terms applies only to aliens with seven consecutive years of lawful domicile who have departed the United States and seek to return, the BIA has determined that relief under this section is extended to aliens with seven consecutive years of domicile notwithstanding the fact that the alien has not departed from the United States. See In re Silva, 16 I. & N. 26, 30 (BIA 1976); see also Casalena v. INS, 984 F.2d 105, 106 n. 3 (4th Cir.1993)