28 F.3d 1214
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Mary FERNANDEZ TORRES, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 93-3617.
 United States Court of Appeals, Sixth Circuit.
 June 27, 1994.
 
 Before: KENNEDY and JONES, Circuit Judges; and GRAHAM, District Judge.[1]
 PER CURIAM.
 
 
 1
 Petitioner, Mary Fernandez Torres, seeks review of the decision of the Board of Immigration Appeals denying her petition for discretionary waiver of deportation under section 212(c) of the Immigration and Nationality Act, 8 U.S.C. Sec. 1182(c). For the reasons stated, we affirm.
 
 I.
 
 2
 Petitioner is a resident alien who was convicted, based upon a guilty plea, of conspiracy to distribute cocaine in violation of 21 U.S.C. Sec. 841(a)(1). Petitioner was sentenced to 97 months of imprisonment to be followed by three years of supervised release. As a result of this conviction, the Immigration and Naturalization Service issued an order to show cause why she should not be deported.
 
 
 3
 At the deportation hearing, petitioner admitted deportability but sought a section 212(c) waiver under 8 U.S.C. Sec. 1182(c) of the Immigration and Nationality Act. Although the Immigration Judge ("IJ") concluded that petitioner had established unusual and/or outstanding equities, he believed that these equities were insufficient to overcome the serious nature of the offense for which petitioner was convicted. Thus, the IJ denied petitioner's application for waiver. The petitioner appealed the IJ's decision to the Board of Immigration Appeals ("Board"). The Board affirmed the IJ's decision and this timely appeal followed.
 
 II.
 
 4
 We review the denial of an application for a section 212(c) waiver of deportation under an abuse of discretion standard. Craddock v. INS, 997 F.2d 1176, 1178 (6th Cir.1993). Additionally, we review the Board's findings of fact to determine whether they are supported by substantial evidence. Ghassan v. INS, 972 F.2d 631 (5th Cir.1992), cert. denied, 113 S.Ct. 1412 (1993).
 
 III.
 
 5
 Initially, the petitioner argues that the Board abused its discretion by issuing a summary affirmance of the IJ's decision in lieu of independently analyzing her claims. In response, the government argues that the Board's order affirming the IJ was adequate and provided a proper and sufficient basis for review. We agree.
 
 
 6
 In reviewing the petitioner's claims, the Board stated, among other things,
 
 
 7
 [t]he respondent, a 36-year-old native and citizen of the Dominican Republic, is appealing the denial of her application for section 212(c) relief. However, the immigration judge properly weighed the equities presented against the adverse matters of record and correctly concluded that the respondent did not merit a favorable exercise of discretion. We find no significant factual or legal error in his decision, or any other appropriate basis for reversing his exercising discretion in a manner unfavorable to the respondent.
 
 
 8
 Joint App. at 1-2.
 
 
 9
 The Board must "announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." Osuchukwu v. INS, 744 F.2d 1136, 1142-43 (5th Cir.1984). When the Board explicitly recites that it has reviewed the record and the IJ's decision and adopts the reasoning of the IJ, we conclude that this is sufficient to show that the Board fully considered the petitioner's claims.
 
 IV.
 
 10
 The discretionary waiver under section 212(c) of the Immigration and Nationality Act applies to aliens returning from abroad and "gives the Attorney General the discretion to admit them although they may be excludable under 8 U.S.C. Sec. 1182(a). However, it is well settled that section 212(c) relief also applies to deportation of a lawfully admitted alien with an unrelinquished domicile of seven consecutive years." Gonzalez v. INS, 996 F.2d 804, 806 (6th Cir.1993). Because petitioner has lived in the United States for more than seven consecutive years, she may seek a section 212(c) waiver.
 
 
 11
 To determine whether discretionary relief under section 212(c) is merited, "[t]he immigration judge must balance the adverse factors evidencing an alien's undesirability as a permanent resident with the social and humane considerations presented in his behalf to determine whether the granting of section 212(c) relief appears in the best interest of this country." Id. at 807.
 
 
 12
 The Board has enunciated several factors to consider in an application for discretionary relief. Adverse factors include:
 
 
 13
 the nature and underlying circumstances of the exclusion ground at issue, the presence of additional significant violations of this country's immigration laws, the existence of a criminal record and, if so, its nature, recency, and seriousness, and the presence of other evidence indicative of a respondent's bad character or undesirability....
 
 
 14
 In re Marin, 16 I & N Dec. 581, 584-85 (BIA 1978).
 
 The favorable factors include:
 
 15
 family ties within the United States, residence of long duration in this country (particularly when the inception of residence occurred while the respondent was of young age), evidence of hardship to the respondent and family if deportation occurs, service in this country's Armed Forces, a history of employment, the existence of property or business ties, evidence of value and service to the community, proof of a genuine rehabilitation if a criminal record exists, and other evidence attesting to a respondent's good character....
 
 
 16
 Id.
 
 
 17
 In cases, such as this, where the petitioner has been convicted of a serious drug offense, a discretionary waiver is granted only upon a showing of unusual or outstanding equities. Gonzalez, 996 F.2d at 807-08; In re Buscemi, 19 I & N Dec. 628 (BIA 1988); Marin, 16 I & N Dec. at 586.
 
 
 18
 In his decision regarding the petitioner's application for waiver, the IJ considered that petitioner has been in the United States since 1974; she has several relatives living in the United States as citizens or lawful permanent residents, including her son; she attended four years of school in the United States and has continuously been employed since coming to the United States. The IJ also noted that although the petitioner has visited the Dominican Republic, she has no family members living there. Further, the petitioner presented witnesses who testified on her behalf. Finally, the IJ considered that petitioner became involved in the cocaine trafficking because of a girlfriend, she supplied very little information regarding the drug activities, and she became involved in the cocaine transaction because she needed the money. However, the petitioner has no property ties in the United States, has not served in the military and does not belong to any groups or clubs. Joint App. at 15-16.
 
 
 19
 Consequently, the IJ concluded that the petitioner had outstanding or unusual equities. Notwithstanding her showing of outstanding or unusual equities, the IJ refused to grant petitioner's application for a section 212(c) waiver.
 
 
 20
 Petitioner contends that the IJ's decision is vague because the IJ did not specify which equities were unusual or outstanding. Because the IJ's decision is allegedly vague in this respect, petitioner contends that the IJ may not have completely reviewed the favorable factors or may have considered improper factors.
 
 
 21
 Clearly, the IJ did not specifically state which of petitioner's favorable equities constituted unusual or outstanding equities. However, when read in context, the IJ's decision is not vague. The IJ stated,
 
 
 22
 [t]he respondent has lived in the United States for a considerable period of time, and the majority of her family resides in this country. I am satisfied that the respondent's deportation from the United States will result in some some [sic] hardship to the respondent, her family and, particularly, to her U.S. citizen child. I find that the respondent does have unusual and/or outstanding equities in the United States.
 
 
 23
 Joint App. at 16. From this paragraph, we conclude that the IJ believed the combination of the petitioner's long residence, family ties in the United States and evidence of hardship constituted petitioner's outstanding or unusual equities. Thus, we reject the petitioner's argument that the IJ's decision is vague.
 
 
 24
 Next, the petitioner argues that the IJ did not review the circumstances surrounding her conviction. However, a review of the IJ's decision illustrates that he did consider the circumstances surrounding her criminal activity. The IJ stated,
 
 
 25
 [t]he respondent testified that she became involved in cocaine trafficking because of a girlfriend. She states that she knows very little about the cocaine operation. Indeed, the respondent supplied very little information regarding her drug related activities. The respondent also testified that she became involved in the cocaine transactions because she needed the money.
 
 
 26
 Joint App. at 16.
 
 
 27
 Thus, we reject the petitioner's contention that the IJ did not review the circumstances surrounding her criminal activity.
 
 
 28
 Next, petitioner argues that the IJ erroneously characterized her criminal activity. Specifically, the IJ said that the petitioner was "deeply involved in cocaine trafficking." Joint App. at 17. Petitioner contends that this is erroneous because she was convicted of a single count of conspiracy, which concerned one or two drug transactions occurring over a short period of time. While petitioner was only involved in one or two drug transactions which concluded in a single conviction, this conviction involved over 500 grams of cocaine. Because the petitioner had access to such a large quantity of cocaine, the IJ had substantial evidence to support his characterization that she was deeply involved in cocaine trafficking.
 
 
 29
 Next, the petitioner contends that the IJ referred to a statement by her brother that petitioner was "never interested in religious activities." Joint App. at 16. Petitioner asserts that to the extent the IJ believed she was not religious and made negative inferences from this fact, this was erroneous as she produced evidence that she attended church regularly.
 
 
 30
 When the IJ was reviewing the witnesses who testified on petitioner's behalf, he included in the review of her brother's testimony the single statement about petitioner's religious activities. The IJ did not refer to petitioner's religious activities at any other point in his analysis. Although the IJ made this reference to the brother's statement in his decision, the IJ's decision did not indicate that he considered this as a negative factor weighing against her in the discretionary balance.
 
 
 31
 Next, the petitioner argues that the IJ erroneously stated that she visited the Dominican Republic on a regular basis and any inference that three trips to the Dominican Republic in two decades mitigates hardship is error. Joint App. at 15-16. The government contends that even if the characterization is erroneous, there is no indication that the IJ considered the hardship to be mitigated by petitioner's past trips. According to the petitioner, she visited the Dominican Republic in 1974, 1975 and 1984. Thus, from 1974 until her incarceration in 1990, the petitioner only visited the Dominican Republic three times in 16 years. We conclude that visiting the Dominican Republic three times in 16 years does not constitute visiting on a regular basis. However, the government correctly notes that the IJ's decision does not indicate that he considered regular visits to the Dominican Republic to mitigate petitioner's hardship.
 
 
 32
 Next, petitioner contends that the IJ did not consider the favorable equities of rehabilitation, community service, a wonderful work and tax payment history, or business ties. Initially, we note that the IJ did consider the fact that petitioner had been continuously employed and self-supporting. Joint App. at 15. Additionally, we find no error in the failure of the IJ to consider the petitioner's rehabilitation, her community service or business ties. "Marin does not require express recognition of any of the factors that it enumerated." Casalena v. INS, 984 F.2d 105, 107 (4th Cir.1993); Vergara-Molina v. INS, 956 F.2d 682, 685 (7th Cir.1992).
 
 
 33
 It is evident that the IJ in this case made adequate findings and gave reasoned consideration to petitioner's petition. The IJ need not specifically address each claim or each piece of evidence. It is enough that the IJ discussed the evidence in such a way that demonstrated that he considered all probative evidence and did in fact balance the factors. Thus, we find no error in the failure to address plaintiff's community service, business ties or rehabilitation.
 
 V.
 
 34
 Finally, the petitioner contends the Board abused its discretion because its denial of discretionary relief constituted a de facto ruling that immigrants convicted of a single, serious drug crime will never warrant a favorable grant of discretionary relief in violation of express congressional intent.
 
 
 35
 A conviction for a serious crime should not automatically lead to denial of the petitioner's request for discretionary relief under section 212(c) as Congress enacted section 212(c) in order to provide the opportunity to avoid deportation. See Marin, 16 I & N Dec. at 585 ("application for section 212(c) relief of necessity carries with it at least one adverse consideration"). This is not, however, a case where we can say that the Board's failure to exercise discretion in favor of waiver was an abuse of discretion. Although the Board found that the petitioner had established unusual or outstanding equities, it believed that the equities did not outweigh the petitioner's conviction for this conspiracy to distribute cocaine. While petitioner was only involved in one or two drug transactions which ended in a single conviction, the conviction involved over 500 grams of cocaine. Because the drug conviction involved such a large quantity of cocaine, we cannot say that the Board abused its discretion.
 
 VI.
 
 36
 For the reasons stated, we AFFIRM.
 
 
 
 [1]
 The Honorable James L. Graham, United States District Judge for the Southern District of Ohio, sitting by designation