66 F.3d 337
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Vitalis Amaefule UGWOEZNUONU, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 93-70822.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 15, 1995.
Decided July 14, 1995.
 
 Before: NORRIS, WIGGINS, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Vitalis Amaefule Ugwoeznuonu, a native and citizen of Nigeria, petitions for review of the Board of Immigration Appeals' decision finding him deportable as a nonimmigrant who remained longer than permitted (8 U.S.C. Sec. 1251(a)(2)) and denying his application for voluntary departure (8 U.S.C. Sec. 1254(e)).
 
 
 3
 The Immigration Judge ("IJ") found that Ugwoeznuonu had married to obtain immigration benefits and, on that basis, denied Ugwoeznuonu's application for voluntary departure. On petition for review, the BIA noted that the IJ's decision was "amply supported by the record" and that it "accordingly affirm[ed]" the IJ's decision "for the reasons set forth therein." Because the BIA did not conduct an independent review of the IJ's decision but merely adopted his analysis, we review the IJ's decision on appeal. Campos-Granillo v. INS, 12 F.3d 849, 852 (9th Cir.1993); Yepes-Prado v. INS, 10 F.3d 1363, 1366-67 (9th Cir.1993).
 
 
 4
 An IJ is required to weigh the factors both for and against voluntary departure. Hernandez-Luiz v. INS, 869 F.2d 469, 499 (9th Cir.1989); De La Luz v. INS, 713 F.2d 545, 546 (9th Cir.1983). The court must "indicate 'how it weighed the factors involved' and 'how it arrived at its conclusion.' " Yepes-Prado, 10 F.3d at 1370 (citation omitted). Because "we cannot assume that the INS considered factors that it failed to mention," a court abuses its discretion if it "fails to state its reasons and show proper consideration of all factors when weighing equities and denying relief." Id. at 1366 (citations omitted). "In the absence of a clear demonstration that the IJ considered both the positive and negative factors when making her discretionary decision not to grant voluntary departure, we are required to vacate and remand." Campos-Granillo, 12 F.3d at 853.
 
 
 5
 Here, Ugwoeznuonu argues that the IJ did not weigh any positive factors on his side.[1] The IJ recounted the evidence of Ugwoeznuonu's having entered into a fraudulent marriage, and then concluded that:
 
 
 6
 [T]his was a business arrangement entered into between the Respondent and Ms. Esco. In exchange for money the Respondent would obtain certain immigration benefits; and after those benefits were obtained, the arrangement as well as the marriage would cease in the minds of the parties. Accordingly, the privilege of voluntary departure will be denied.
 
 
 7
 The IJ did not mention factors of Ugwoeznuonu's life which weigh in favor of voluntary departure, including his duration in the United States, his legal entry, a history of steady employment, a lack of criminal arrests or dependence upon public assistance, and his financial ability to depart voluntarily.
 
 
 8
 The INS counters that the weighing of various factors need not take any particular form, citing Vergara-Molina v. INS, 956 F.2d 682, 685 (7th Cir.1992). However, in Vergara, the Seventh Circuit held that the BIA "note[d] all the relevant factors ... in its opinion" which rendered its consideration of those factors sufficient. Vergara-Molina, 956 F.2d at 685. Here, by contrast, the IJ did not note the factors in Ugwoeznuonu's favor.
 
 
 9
 Because the IJ did not explicitly engage in a full weighing process, we VACATE and REMAND the case for further proceedings consistent with this disposition.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Ugwoeznuonu makes a number of other arguments for relief. We conclude they are without merit