996 F.2d 1210
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Anthony Peter COLLINS, Petitioner,
v.
U.S. IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 92-1822.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: April 7, 1993.
Decided: June 23, 1993.
 
 On Petition for Review of an Order of the Immigration and Naturalization Service. (A35-821-739)
 David J. Preller, Jr., Towson, Maryland, for Petitioner.
 Stuart M. Gerson, Assistant Attorney General, Richard M. Evans, Assistant Director, Norah Ascoli Schwarz, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.
 I.N.S.
 AFFIRMED.
 Before ERVIN, Chief Judge, and HAMILTON and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Anthony Peter Collins appeals from the decision of the Board of Immigration Appeals (BIA) denying his request for waiver relief. We affirm.
 
 
 2
 Collins, a citizen of Trinidad, entered the United States in 1978. In 1988 Collins was convicted in Maryland state court of possession with intent to distribute cocaine and possession of marijuana. After his convictions, the Immigration and Naturalization Service (INS) ordered Collins to show cause why he should not be deported pursuant to § 241(a)(11) of the Immigration and Nationality Act (INA), 8 U.S.C.A. § 1251(a)(11) (West Supp. 1992). Collins admitted deportability and sought a waiver of deportation unders 212(c) of the INA, 8 U.S.C.A. § 1182(c) (West Supp. 1992). After finding Collins eligible for waiver relief, the Immigration Judge (IJ) denied his request. The BIA affirmed the IJ's opinion, and Collins petitioned this Court for review of the BIA's decision.
 
 
 3
 Decisions to grant waivers of deportation unders 1182(c) are reviewed for abuse of discretion and we will uphold the decision of the BIA unless it was arbitrary and capricious. Casalena v. INS, 984 F.2d 105, 106 (4th Cir. 1993). See also Blackwood v. INS, 803 F.2d 1165, 1168 (11th Cir. 1986). The alien bears the burden of establishing that his waiver request is meritorious. Casalena, 984 F.2d at 106. To evaluate whether waiver of deportation is appropriate, the BIA must weigh the undesirability of the applicant as a permanent resident against the special and humane considerations provided by the applicant. Matter of Marin, 16 I. & N. Dec. 581, 584 (BIA 1978). Where an applicant has been convicted of a serious drug offense, he must show unusual or outstanding countervailing equities in order to warrant waiver of deportation. Id. at 585-86.
 
 
 4
 In addition to his convictions, at the hearing on his waiver application Collins admitted to using marijuana from 1972 through 1990; his marijuana use violated his probation beginning in 1988. Moreover, Collins admitted to acquiring drugs for co-workers, although he insisted he took no money for these transactions. Additionally, Collins acknowledged that he sold drugs for profit in Trinidad.
 
 
 5
 Collins's countervailing equities, although strong, do not overcome his undesirability as a permanent resident. His mother, brothers, and wife live in the United States, as do his children, who are United States citizens and whom he supports through a garnishment on his wages. However, he has relatives in Trinidad; further, he failed to show that his ability to financially support his children would vanish if he was deported. His employment history has been constant since 1981, but he owns no property in the United States, nor does he perform any community service. In addition, Collins provided no strong evidence of rehabilitation in light of his admission of drug use and procurement. He testified that he no longer took drugs, and presented evidence to the BIA that he had recently joined a drug counseling center, but he never acknowledged the serious nature of his earlier involvement with drugs. Hence, based on the evidence, the BIA did not act capriciously or arbitrarily in denying Collins's appeal from the IJ's decision.
 
 
 6
 Therefore, we affirm the BIA's denial of waiver relief.
 
 AFFIRMED