53 F.3d 330
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Juan Alberto YOUNG, Petitioner,
v.
U.S. IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 94-2370.
 United States Court of Appeals, Fourth Circuit.
 Submitted: April 18, 1995.
Decided: May 5, 1995.
 
 Richard S. Bromberg, Washington, DC, for Petitioner. Frank W. Hunger, Assistant Attorney General, Lauri Steven Filppu, Pauline Terrelonge, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, DC, for Respondent.
 Before WIDENER and NIEMEYER, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Juan Young petitions for review of an order of the Board of Immigration Appeals ("the Board") dismissing his appeal. For the reasons set forth below, we deny the petition.
 
 
 2
 Young, a native and citizen of Peru, entered the United States as a permanent resident in 1976, at the age of thirteen. In 1986 Young was convicted in Virginia of cocaine distribution. As a result of this conviction, the Immigration and Naturalization Service ("INS") initiated deportation proceedings. Because he had been a lawful permanent resident in the United States for over seven years, Young applied for a waiver of deportation under Sec. 212(c) of the Immigration and Nationality Act, 8 U.S.C.A. Sec. 1182 (West 1970 & Supp.1994). The waiver was granted.
 
 
 3
 On May 25, 1990, Young was convicted of distributing 498 grams of cocaine to an undercover federal agent. He was sentenced to forty-six months in prison. When Young was released, the INS initiated deportation proceedings and Young applied for another Sec. 212(c) waiver. Young presented evidence of his rehabilitation, family connections, and steady employment, as well as the state of the Peruvian economy, at his immigration hearing in support of his request for a waiver.
 
 
 4
 After considering Young's evidence, the immigration judge ("IJ") denied Young's request for a waiver and ordered that he be deported. In reaching this conclusion, the IJ stated that he considered all the factors in Young's favor, but Young's two drug convictions and previous waiver outweighed countervailing considerations. The IJ did not address arguments made by Young regarding the poor state of the Peruvian economy. Additionally, in commenting on the length of Young's incarceration, the IJ stated that Young served twenty-one instead of forty-one months.
 
 
 5
 In his appeal to the Board, Young raised three points. First, Young argued that the IJ did not adequately consider the positive factors in Young's favor. Second, Young argued that the IJ erred in failing to consider Young's evidence regarding Peru's economy. Finally, Young claimed that the IJ, in stating that Young had served twenty-one months in prison, did not consider Young's full rehabilitative period. The Board dismissed Young's appeal, noting that Young was previously granted a waiver. The Board found that the IJ adequately addressed the issues raised by Young and noted that, although the IJ erred when he stated that Young had been in prison for twenty-one months, the IJ did not err in failing to consider the evidence of Peru's economy, since economic hardships are experienced by most aliens facing deportation.
 
 
 6
 To evaluate whether waiver of deportation is warranted, the Board must balance the undesirability of the applicant as a permanent resident against the special and humane considerations provided by the applicant. Casalena v. INS, 984 F.2d 105, 107 (4th Cir.1993) (citing Matter of Marin, 16 I. & N. Dec. 581 (BIA 1978)). The adverse factors to be considered include the nature and underlying circumstances of the grounds for deportation, presence of additional significant violations of this country's immigration laws, the applicant's criminal record, and other evidence indicative of bad character. Id. at 107 n. 4.
 
 
 7
 The countervailing equities to be examined include family ties in the United States, the length of residency, the hardship of deportation on the alien and his family, employment history, property ownership, business ties, community service, and evidence of good moral character. Id. Moreover, rehabilitation is an important factor to waiver relief. Ayala-Chavez v. INS, 944 F.2d 638, 642 (9th Cir.1991). Rehabilitation is "scarcely a readily determinable fact in the ordinary sense and the Board necessarily makes a judgment call, involving an estimate or prediction of an individual's future conduct." Palacios-Torres v. INS, 995 F.2d 96, 99 (7th Cir.1993).
 
 
 8
 Where an applicant has been convicted of a serious drug offense, he must show unusual or outstanding countervailing equities to warrant waiver of deportation. Casalena, 984 F.2d at 107. The alien bears the burden of proving that his request for waiver relief should be granted. Id. at 106. The Board's decision to grant or deny waiver relief is discretionary and this Court will uphold the decision unless it is arbitrary or capricious. Id. This Court is without authority to engage in a reweighing of the positive and negative factors put forth by the parties. Garcia-Lopez v. INS, 923 F.2d 72, 74 (7th Cir.1991).
 
 
 9
 Based on the evidence presented at the hearing, the Board did not abuse its discretion in dismissing Young's appeal and affirming the IJ's decision denying Young's application for waiver relief. The many equities in Young's favor, including his rehabilitation, steady employment, and his family connections, are outweighed by the seriousness of Young's offenses and the fact that this is Young's "second bite at the apple."
 
 
 10
 Regarding Young's argument that the IJ erred in failing to consider Peru's economic conditions, the Board correctly found that this argument was without merit since "economic hardships are usually experienced by most aliens facing deportation." See, e.g., Hernandez-Cordero v. INS, 819 F.2d 558, 560-62 (5th Cir.1987) (in banc) (economic hardship, considered with other factors, must rise to the level of "uniquely extreme" hardship to warrant relief). Young's additional argument, that the IJ failed to comprehend the full extent of Young's rehabilitative period, because the IJ believed that Young was only imprisoned for twenty-one months instead of forty-one months, was also without merit. Even if the IJ's statement regarding Young's period of incarceration was a misunderstanding rather than a misstatement, the error was harmless given the plethora of evidence Young presented regarding his extensive participation in prison rehabilitation programs.
 
 
 11
 In light of the foregoing, we deny Young's petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the this court and argument would not aid the decisional process.
 
 
 12
 AFFIRMED.