61 F.3d 900
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Hans Gerd MACHNER, Petitioner,
v.
U.S. IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 95-1037.
 United States Court of Appeals, Fourth Circuit.
 Argued June 9, 1995.
Decided July 24, 1995.
 
 ARGUED: Kenneth Bedford Hatcher, Wilmington, NC, for Petitioner. Regina Byrd, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, DC, for Respondent. ON BRIEF: Frank W. Hunger, Assistant Attorney General, Mark C. Walters, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, DC, for Respondent.
 
 
 1
 I.N.S.
 
 
 2
 PETITION DENIED.
 
 
 3
 Before ERVIN, Chief Judge, WILKINS, Circuit Judge, and JACKSON, United States District Judge for the Eastern District of Virginia, sitting by designation.
 
 OPINION
 PER CURIAM:
 
 4
 Hans Gerd Machner petitions for review of decisions by the Board of Immigration Appeals (BIA) denying his motion to reopen deportation proceedings and his application for a discretionary waiver of deportation pursuant to Sec. 212(c) of the Immigration and Nationality Act. See 8 U.S.C.A. Sec. 1182(c) (West Supp.1990).[1] Finding no error, we deny the petition for review.
 
 I.
 
 5
 Machner is a native and citizen of Germany who entered this country in 1952--at the age of four--as a lawful permanent resident. He has not visited Germany since he arrived in the United States and speaks only rudimentary German.
 
 
 6
 Machner has an extensive criminal history. In 1973, he was convicted of attempted rape and sexual perversion after he entered a woman's apartment, threatened her with a knife, attempted to rape her, and forcibly sodomized her. In 1975, Machner was convicted of contributing to the delinquency of a minor. In 1978, he was convicted of two counts of sexual assault after he forced a woman into his car, choked her, and raped her. Finally, in 1985, Machner was convicted of second degree rape of his 15-year-old daughter.
 
 
 7
 In 1987, while Machner was incarcerated for the rape of his daughter, the Immigration and Naturalization Service (INS) issued an order to show cause alleging that Machner was deportable as an alien who had been convicted of multiple crimes involving moral turpitude. See 8 U.S.C.A. Sec. 1251(a)(2)(A)(ii) (West Supp.1995). After his release from prison, an immigration judge (IJ) conducted a hearing at which Machner admitted the facts alleged in the order to show cause but requested a waiver of deportation under Sec. 212(c).[2] In support of his request, Machner submitted letters from his wife, Fronnie, and members of her family, one of his daughters (who was not his victim), his employer, his pastor, and his probation officer. Fairly summarized, each letter stated that in the writer's opinion Machner was completely rehabilitated and no longer a danger to the community. The IJ considered this evidence, but concluded that Machner was not entitled to discretionary relief and ordered deportation.
 
 
 8
 Machner noted a timely appeal to the BIA, but four years passed before the administrative record was filed and the appeal could be considered.[3] At that time, Machner moved to reopen the administrative record to provide additional evidence of his rehabilitation. In support of this motion, Machner offered evidence that four more years had passed without a blemish on his record, that unemployment in Germany was high, and that he had divorced Fronnie--his fourth wife--and had become involved with Cynthia Robbins, who submitted a letter in his support.[4]
 
 
 9
 The BIA denied the motion to reopen, ruling that even if the additional evidence were admitted, Machner would not be entitled to discretionary relief. The BIA then conducted a de novo review of the denial of the application for a waiver of deportability and concluded that waiver of deportation was inappropriate.
 
 II.
 
 10
 Machner first claims that the BIA erred in denying his application for discretionary relief from deportation. We review the decision to deny a waiver of deportation for abuse of discretion. Casalena v. INS, 984 F.2d 105, 106 (4th Cir.1993).
 
 
 11
 In determining whether an alien is entitled to a waiver of deportation under Sec. 212(c), the BIA is to conduct a balancing of "the social and humane considerations in the alien's favor against any adverse factors that demonstrate his or her undesirability as a permanent resident in the United States." Cortes-Castillo v. INS, 997 F.2d 1199, 1202 (7th Cir.1993). The BIA has identified a number of factors that may weigh for or against an alien in the context of an application for a waiver of deportation. Factors favoring the grant of a waiver of deportation include:
 
 
 12
 "family ties within the United States, residence of long duration in this country (particularly when the inception of residence occurred while the [applicant] was of young age), evidence of hardship to the [applicant] and family if deportation occurs, service in this country's Armed Forces, a history of employment, the existence of property or business ties, rehabilitation if a criminal record exists, and other evidence attesting to [an applicant's] good character (e.g., affidavits from family, friends, and responsible community representatives)."
 
 
 13
 Casalena, 984 F.2d at 107 n. 4 (alteration in original) (quoting Matter of Marin, 16 I & N Dec. 581, 584-85 (BIA 1978)). Factors weighing against a grant of relief include:
 
 
 14
 "the nature and underlying circumstances of the exclusion ground at issue, the presence of additional significant violations of this country's immigration laws, the existence of a criminal record and, if so, its nature, recency, and seriousness, and the presence of other evidence indicative of [an applicant's] bad character or undesirability as a permanent resident of this country."
 
 
 15
 Id. (alteration in original) (quoting Marin, 16 I & N Dec. at 584).
 
 
 16
 If one or more of the negative factors is particularly serious, an alien may be required to make "a heightened showing of favorable evidence involving unusual or outstanding equities." Cortes-Castillo, 997 F.2d at 1202. However, even if the alien is able to show the presence of unusual or outstanding equities, the BIA is not required to grant relief; " 'there are cases in which the adverse considerations are so serious that a favorable exercise [of discretion] is not warranted even in the face of unusual or outstanding equities.' " Paredes-Urrestarazu v. INS, 36 F.3d 801, 807 (9th Cir.1994) (alteration in original) (quoting Yepes-Prado v. INS, 10 F.3d 1363, 1366 (9th Cir.1993)).
 
 
 17
 Here, the BIA determined that the seriousness of Machner's criminal history warranted requiring him to show that unusual and outstanding equities supported his application for a waiver of deportation. Cf. Gandarillas-Zambrana v. Board of Immigr. Appeals, 44 F.3d 1251, 1259 (4th Cir.1995) (fifteen convictions in nine years sufficient to require showing of unusual and outstanding equities), petition for cert. filed, 63 U.S.L.W. 3788 (U.S. Apr. 20, 1995) (No. 94-1720); Cortes-Castillo, 997 F.2d at 1202-03 (one drug trafficking conviction sufficient to require heightened showing). And, the BIA considered that Machner had presented evidence of several outstanding equities: family ties in the United States, residence of long duration, and honorable military service.[5] The BIA also noted that Machner's family will suffer emotional and financial hardship and that he will face linguistic and cultural difficulties in adjusting to life in Germany, but discounted these factors as normal consequences of deportation. Finally, the BIA considered evidence of Machner's rehabilitation: his employment history, his religious faith, his attempts to rebuild family relationships, his efforts to seek psychological treatment, and his recovery from drug and alcohol addiction. Ultimately, however, the BIA concluded that the factors militating in favor of a waiver of deportation were outweighed by the seriousness of Machner's criminal history.
 
 
 18
 In conducting the balancing test to determine whether a waiver of deportation should be granted, the BIA need not expressly address each factor weighing for and against waiver. See Casalena, 984 F.2d at 107 & n. 5. It is enough that the BIA " 'consider the issues raised and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted.' " Id. at 107 (quoting Vergara-Molina v. INS, 956 F.2d 682, 685 (7th Cir.1992)). And, because we must apply a deferential standard of review once we determine that the BIA has properly conducted the balancing test, "the fact that we would have resolved the balancing differently is of no moment." Craddock v. INS, 997 F.2d 1176, 1179 (6th Cir.1993). We conclude that the BIA properly performed the balancing function and fully explained its analysis. Thus, we cannot say that the BIA abused its discretion in denying Machner's application for a waiver of deportation.
 
 III.
 
 19
 Machner also asserts that the BIA erred in denying his motion to reopen the administrative record. A motion to reopen should be granted only if the movant seeks to offer new evidence that "is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. Sec. 3.2 (1995). However, even if the evidence satisfies these criteria, the motion to reopen may be denied if " 'the ultimate grant of relief is discretionary' " and the BIA determines that " 'the movant would not be entitled to the discretionary grant of relief.' " M.A. v. INS, 899 F.2d 304, 308 (4th Cir.1990) (en banc) (quoting INS v. Abudu, 485 U.S. 94, 105 (1988)). We review for abuse of discretion the denial of the motion to reopen. See INS v. Rios-Pineda, 471 U.S. 444, 449 (1985).
 
 
 20
 We conclude that the denial of the motion to reopen was proper. The BIA carefully considered the effect of the new evidence on the exercise of its discretion in deciding whether to waive deportation and concluded that the new evidence would not change the outcome.
 
 
 21
 Under these circumstances, we cannot say that the BIA abused its discretion in denying the motion to reopen.
 
 
 22
 Having concluded that Machner's claims of error are without merit, we deny the petition for review.
 
 PETITION DENIED
 
 
 [1]
 A recent amendment to Sec. 212(c) denies the possibility of a discretionary waiver of deportation to an alien who has been convicted of an aggravated felony and has served a term of imprisonment of at least five years. See 8 U.S.C.A. Sec. 1182(c) (West Supp.1995). However, this amendment does not affect applications for relief under Sec. 212(c) filed prior to November 29, 1990. See Cortes-Castillo v. INS, 997 F.2d 1199, 1202 n. 1 (7th Cir.1993). Machner applied for a waiver of deportation on November 1, 1990
 
 
 [2]
 Although Sec. 212(c) does not by its terms apply to deportable aliens who have not left the country after satisfying the seven-year residency requirement, the BIA and the courts have extended it to do so. See Casalena v. INS, 984 F.2d 105, 106 n. 3 (4th Cir.1993)
 
 
 [3]
 Although it is not clear from the record, the delay appears to have been administrative in nature
 
 
 [4]
 Machner has since married Robbins
 
 
 [5]
 Machner enlisted in the United States Marine Corps at the age of 17 and served a four-month combat tour in Vietnam. He was honorably discharged and received several awards for his military service