**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JOHNSON NWAGWU OSARO,
Petitioner,

v.

No. 95-2014

U.S. IMMIGRATION & NATURALIZATION
SERVICE,
Respondent.

On Petition for Review of an Order
of the Immigration and Naturalization Service.
(A28-326-898)

Submitted: November 21, 1995

Decided: August 6, 1996

Before WILKINSON, Chief Judge, and MURNAGHAN and
MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Thanos Kanellakos, Baltimore, Maryland, for Petitioner. Frank W.
Hunger, Assistant Attorney General, Robert Kendall, Jr., Assistant
Director, Stephen Funk, Office of Immigration Litigation, Civil Divi-
sion, UNITED STATES DEPARTMENT OF JUSTICE, Washington,
D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Johnson Osaro petitions for review of an order of the Board of Immigration Appeals ("the Board") dismissing his appeal. For the reasons set forth below, we affirm.

Osaro, a native and citizen of Nigeria, entered the United States as a non-immigrant student in 1981. In 1986, Osaro married a United States citizen and became a lawful permanent resident. The marriage ended in September 1989. Osaro has two children who are United States citizens. Both receive emotional and financial support from Osaro.

In May 1992, Osaro pled guilty to one count of importing heroin. Prior to his conviction, Osaro cooperated with the prosecution and helped convict several people. Osaro fears that, due to his cooperation, he will suffer reprisals if he returns to Nigeria.

Osaro has taken several steps toward rehabilitation. While in prison, he completed a drug treatment program. He has become involved in community activities, has started seeing a therapist, and has maintained employment as a cab driver, working seven days a week, ten to twelve hours a day.

Based on Osaro's conviction for importing heroin, the Immigration and Naturalization Service ("INS") initiated deportation proceedings. At the deportation hearing, Osaro conceded deportability, but requested a waiver of deportation under § 212(c) of the Immigration and Nationality Act (INA), 8 U.S.C.A. § 1182(c) (West Supp. 1995). After considering the evidence in Osaro's favor and weighing it against Osaro's conviction, the Immigration Judge ("IJ") denied Osaro's request for a waiver and ordered deportation. In reaching this conclusion, the IJ stated that he considered all the factors in Osaro's

2

favor, including Osaro's cooperation with the prosecution, his emotional and financial support of his children, and his efforts toward rehabilitation. The IJ found, however, that Osaro's drug conviction outweighed these countervailing considerations. The IJ also addressed Osaro's concerns regarding reprisal for his cooperation with the Government stating that, although such information was relevant, it "should not be a factor which would require the court to ultimately dispose of this case in favor of the respondent." The IJ further mused that Osaro's fears may not be well-founded given that neither the FBI nor the DEA saw the need to place Osaro in a witness protection program.

Osaro appealed to the Board, alleging two points of error. First, Osaro claimed that the IJ erred in considering the fact that Osaro was not in a witness protection program. Second, Osaro claimed that due to the seriousness of Osaro's criminal offense, the IJ summarily denied relief.

The Board dismissed Osaro's appeal, noting that the IJ's comment about the lack of witness protection for Osaro was appropriate in light of Osaro's testimony about possible reprisals in Nigeria. The Board further stated that Osaro's second allegation of error was too generalized to be considered. On appeal, Osaro avers he demonstrated sufficient countervailing equities to warrant a waiver of deportation. We reject Respondent's argument that Osaro waived review of this issue.

To evaluate whether waiver of deportation is warranted, the Board must balance the undesirability of the applicant as a permanent resident against the social and humane considerations provided by the applicant. Casalena v. INS, 984 F.2d 105, 107 (4th Cir. 1993) (citing Matter of Marin, 16 I. & N. Dec. 581 (BIA 1978)). The adverse factors to be considered include the nature and underlying circumstances of the grounds for deportation, presence of additional significant violations of this country's immigration laws, the applicant's criminal record, and other evidence indicative of bad character. Id. at 107 n.4.

The countervailing equities to be examined include family ties in the United States, the length of residency, the hardship of deportation on the alien and his family, employment history, property ownership, business ties, community service, and evidence of good moral charac-

ter. Id. Moreover, rehabilitation is an important factor to consider. Ayala-Chavez v. INS, 944 F.2d 638, 642 (9th Cir. 1991). Rehabilitation is "scarcely a readily determinable fact in the ordinary sense and the Board necessarily makes a judgment call, involving an estimate or prediction of an individual's future conduct." Palacios-Torres v. INS, 995 F.2d 96, 99 (7th Cir. 1993).

Where an applicant has been convicted of a serious drug offense, he must show unusual or outstanding countervailing equities to warrant waiver of deportation. Casalena, 984 F.2d at 107. The alien bears the burden of proving that his request for waiver relief should be granted. Id. at 106. The Board's decision to grant or deny waiver is discretionary and this court will uphold the decision unless it is arbitrary or capricious. Id. This court is without authority to engage in a reweighing of the positive and negative factors put forth by the parties. Garcia-Lopez v. INS, 923 F.2d 72, 74 (7th Cir. 1991).

Based on the evidence presented at the hearing, the Board did not abuse its discretion in dismissing Osaro's appeal and affirming the IJ's decision denying Osaro's application for waiver relief. The many equities in Osaro's favor, including his assistance in criminal prosecutions, his rehabilitation, his steady employment, and his family connections and support, were outweighed by the seriousness of Osaro's criminal offense--the importation of heroin.

In light of the foregoing, we affirm the Board's order. We dispense with argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4