**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JOSIAH CHUCKS OBIAMALU,
Petitioner,

v.
                                        No. 96-1213
U.S. IMMIGRATION & NATURALIZATION
SERVICE,
Respondent.

On Petition for Review of an Order
of the Board of Immigration Appeals.
(A28-352-614)

Submitted: March 4, 1997

Decided: April 23, 1997

Before HALL and WILKINS, Circuit Judges, and PHILLIPS,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Albert A. Ngwana, Silver Spring, Maryland, for Petitioner. Frank W.
Hunger, Assistant Attorney General, Linda S. Wendtland, Senior
Liti-
gation Counsel, Quynh Vu, Office of Immigration Litigation,
UNITED STATES DEPARTMENT OF JUSTICE, Washington,
D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Josiah Obiamalu, a citizen and national of Nigeria, petitions for review of an order of the Board of Immigration Appeals ("Board"). The Board dismissed Obiamalu's appeal from the decision of an Immigration Judge ("IJ") finding Obiamalu deportable and denying his application for a waiver of deportability under§ 212(c), 8 U.S.C.A. § 1182(c) (West Supp. 1996). We affirm.

Obiamalu entered the United States as a student in 1982 and became a lawful permanent resident in 1988 after marrying a United States citizen. From 1984 to 1992, Obiamalu was convicted of writing worthless checks, assaulting his pregnant wife, credit card fraud, bank fraud, criminal attempt, and resisting arrest.

In 1993, the Immigration and Naturalization Service ("INS") instituted deportation proceedings against Obiamalu while he was serving a prison sentence in Maryland. Following his release from prison in 1995, the INS held a hearing. Following the hearing, the IJ concluded that Obiamalu was deportable based on his criminal history.

In his appeal to the Board, Obiamalu asserted that he was denied due process on the grounds that the IJ failed to grant a continuance of the hearing so that Obiamalu could gather necessary documents, that he received ineffective assistance of counsel, and that he did not receive adequate notice of the date and time of the hearing. Obiamalu also asserted that the IJ abused his discretion in denying his request for a waiver under § 212(c). The Board upheld the finding of the IJ and Obiamalu raises the same arguments to this Court.

To prevail on a claim of deprivation of due process, the alien must show that the alleged violations rise to the level of constitutional defects, and are not just abuses of administrative or judicial discre-

2

tion. <u>Gandarillas-Zambrana v. Board of Immigration Appeals</u>, 44 F.3d 1251, 1255 (4th Cir. 1995). Obiamalu failed to show that the IJ abused his discretion in denying a continuance because Obiamalu could not show good cause as to why he could not produce documents in his favor when he had two years to collect such documents. 8 C.F.R. § 242.13 (1995). Obiamalu failed to provide affidavits or other evidence demonstrating that his counsel's performance was so deficient as to have violated his Fifth Amendment right to due process. <u>See Ramirez-Durazo v. INS</u>, 794 F.2d 491, 499-500 (9th Cir. 1986); <u>see generally Figeroa v. INS</u>, 886 F.2d 76, 78-79 (4th Cir. 1989). Finally, Obiamalu received written notice containing the correct date and time of the hearing a month before the hearing took place; he was not harmed by the change in hearing date given the timely notification he received.

Obiamalu also appeals the Board's denial of his application for a discretionary waiver of deportation under § 212(c). We review this decision for abuse of discretion, and uphold it unless it is arbitrary or capricious. <u>Casalena v. INS</u>, 984 F.2d 105, 106 (4th Cir. 1993). The alien bears the burden of showing that he merits favorable action. <u>Id</u>. Obiamalu meets the statutory requirements for the waiver, but fails to carry his burden of convincing the Board that he deserves the favorable exercise of discretion. <u>See Casalena</u>, 984 F.2d at 107 n.6.

In considering a § 212(c) application, the Board must balance social and humane considerations in the applicant's favor against adverse factors that show his undesirability as a permanent resident. <u>Cortes-Castillo v. INS</u>, 997 F.2d 1199, 1202 (7th Cir. 1993). The IJ considered all the relevant factors. In Obiamalu's favor, the IJ considered that Obiamalu had been in this country for nearly thirteen years and had a daughter. On the negative side, the IJ noted Obiamalu's criminal history, divorce from his wife, the fact that he had not supported his daughter since 1992, and that his claims of extreme hardship were not credible. Accordingly, the IJ denied a§ 212(c) waiver. The Board affirmed, noting Obiamalu's continued criminal activity following his first § 212(c) waiver and finding that the equities did not outweigh the criminal behavior.

We do not have authority to determine the weight to be given each factor, <u>Gouveia v. INS</u>, 980 F.2d 814, 818-19 (1st Cir. 1992), includ-

3

ing the applicant's criminal record. <u>Hajiani-Niroumand v. INS</u>, 26 F.3d 832, 836 (8th Cir. 1994). Even a showing of outstanding equities does not require relief if the BIA in its discretion decides that the equities are outweighed by negative factors. <u>Gandarillas-Zambrana</u>, 44 F.3d at 1259 n.4. We conclude that the Board appropriately exercised its discretion in this case.

Accordingly, we affirm the Board's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4