**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 12-1680

MANUEL COREAS,

        Petitioner,

        v.

ERIC H. HOLDER, JR., Attorney General,

        Respondent.

On Petition for Review of an Order of the Board of Immigration
Appeals.

Argued: March 21, 2013            Decided: June 6, 2013

Before AGEE, KEENAN, and FLOYD, Circuit Judges.

Petition dismissed in part and denied in part by unpublished per
curiam opinion.

**ARGUED:** Manuel Rivera, Jr., LAW OFFICE OF MANUEL RIVERA, ESQ.,
Arlington, Virginia, for Petitioner. Bernard Arthur Joseph,
UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for
Respondent. **ON BRIEF:** Stuart F. Delery, Acting Assistant
Attorney General, Civil Division, Ernesto H. Molina, Jr.,
Assistant Director, Office of Immigration Litigation, UNITED
STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Petitioner Manuel Coreas, a citizen of El Salvador, has lived in the United States since November 1994. His status was adjusted to that of a lawful permanent resident on January 7, 1998. Based on his April 2001 conviction in Virginia state court for petit larceny, however, the Department of Homeland Security (DHS) initiated removal proceedings against him. Coreas subsequently filed an application for cancellation of removal, which the immigration judge (IJ) granted. The DHS appealed the IJ's decision to the Board of Immigration Appeals (BIA). The BIA sustained the DHS's appeal, vacated the IJ's decision, and ordered that Coreas be removed to El Salvador. Thereafter, Coreas filed a petition for review with this Court. For the reasons that follow, we dismiss in part and deny in part Coreas's petition.

I.

There is no dispute that Coreas committed a crime of moral turpitude. On April 26, 2001, he was convicted in Loudoun County General District Court of petit larceny, which he committed on or about January 7, 2001. For that offense, a sentence of one year may be imposed. See Va. Code § 18.2-96 (stating that the crime of petit larceny "shall be punishable as a Class 1 misdemeanor"); Id. § 18.2-11(a) ("For Class 1

2

misdemeanors, confinement in jail for not more than twelve months and a fine of not more than $2,500, either or both.").

Afterwards, with the issuance and service of a notice to appear by a DHS group supervisor, the DHS commenced removal proceedings against Coreas under 8 U.S.C. § 1227(a)(2)(A)(i), which allows removal when a lawful permanent resident is convicted within five years after admission of a crime involving moral turpitude for which a sentence of one year or longer may be imposed. Coreas subsequently filed an application for cancellation of removal for permanent residents, pursuant to 8 U.S.C. § 1229b(a), which the IJ granted. The DHS then filed a Notice of Appeal (NOA) with the BIA. The BIA thereafter vacated the IJ's decision and ordered that Coreas be removed. Coreas then filed his petition for review with this Court.

## II.

Coreas argues that we should reverse the BIA's decision vacating the IJ's order cancelling his removal because, according to Coreas, the BIA failed to consider all of the required factors and the BIA improperly engaged in its own factfinding. But before we can consider these claims, we must first determine whether we have jurisdiction to do so. "Federal appellate courts determine de novo whether they have subject

matter jurisdiction to decide a case." Kporlor v. Holder, 597 F.3d 222, 225 (4th Cir. 2010).

According to 8 U.S.C. § 1252(a)(2)(B)-(i), "[n]o court shall have jurisdiction to review any judgment regarding the granting of relief under . . . 1229b," the section regarding cancellation of removal. However, the statute goes on to make clear that the courts of appeals retain jurisdiction to review constitutional claims and questions of law. See id. § 1252(a)(2)(D) ("Nothing in subparagraph (B) . . . shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section.").

Coreas attempts to get past the jurisdictional bar by arguing that the BIA "failed to consider all of the factors required by law in determining an application for cancellation of removal." Positive factors include:

> family ties within the United States, residence of long duration in this country (particularly when the inception of residence occurred while the respondent was of young age), evidence of hardship to the respondent and family if deportation occurs, service in this country's Armed Forces, a history of employment, the existence of property or business ties, evidence of value and service to the community, proof of a genuine rehabilitation if a criminal record exists, and other evidence attesting to a respondent's good character (e.g., affidavits from family, friends, and responsible community representatives).

*Matter of Marin*, 16 I. & N. Dec. 581, 584-85 (1978), abrogated on other grounds by *Matter of Edwards*, 20 I. & N. Dec. 191 (1990). Adverse factors, on the other hand, involve such matters as

> the nature and underlying circumstances of the exclusion ground at issue, the presence of additional significant violations of this country's immigration laws, the existence of a criminal record and, if so, its nature, recency, and seriousness, and the presence of other evidence indicative of a respondent's bad character or undesirability as a permanent resident of this country.

*Id.* at 584. Contrary to Coreas's suggestion, however, "*Marin* does not . . . purport to require consideration of all of the factors enumerated; it merely recites a nonexhaustive list of factors that in prior cases had been considered to be either 'favorable' or 'adverse.'" *Casalena v. INS*, 984 F.2d 105, 107 n.5 (4th Cir. 1993).

Nevertheless, from our review of the record, it appears that the BIA carefully considered most of the factors listed above. As to the positive factors, it specifically discussed Coreas's extensive family ties to the United States, his good work history, that his earnings are important to his family, and that he would have difficulty finding employment in El Salvador. The BIA also noted that Coreas's siblings are currently providing financial assistance to his family while he is incarcerated, but they will be unable to do so indefinitely. It

5

further recognized that Coreas has been in the United States since the age of fourteen, that hardship would ensue with his removal, and that he has paid his taxes and mortgage over a period of years.

Concerning the adverse factors, the BIA observed that Coreas has an extensive criminal history, including petit larceny, public intoxication or swearing, driving with a suspended license, driving while intoxicated, and driving under the influence. The BIA also noted that the IJ had properly found that Coreas had failed to demonstrate that he had been rehabilitated as to his abuse of alcohol or his record of driving while intoxicated.

Simply put, although Coreas may be displeased with the weight that the BIA gave to the positive factors it considered, we are unable to say that it failed to appropriately consider them. Thus, we find no error of law.

Coreas also contends that the BIA violated 8 C.F.R. § 1003.1(d)(3)(i) and (iv) when it engaged in its own factfinding, in lieu of deferring to the factfinding that the IJ conducted. Pursuant to 8 C.F.R. § 1003.1(d)(3)(i) and (iv),

> (i) The Board will not engage in de novo review of findings of fact determined by an immigration judge. Facts determined by the immigration judge, including findings as to the credibility of testimony, shall be reviewed only to determine whether the findings of the immigration judge are clearly erroneous.

6

. . .

> (iv) Except for taking administrative notice of commonly known facts such as current events or the contents of official documents, the Board will not engage in factfinding in the course of deciding appeals. A party asserting that the Board cannot properly resolve an appeal without further factfinding must file a motion for remand. If further factfinding is needed in a particular case, the Board may remand the proceeding to the immigration judge or, as appropriate, to the Service.

Our review of the record, however, convinces us that the BIA did not tamper with the IJ's factual findings. Instead, conducting a de novo review of the IJ's discretion, the BIA held that the IJ erred. See 8 C.F.R. § 1003.1(d)(3)(ii) ("The Board may review questions of law, discretion, and judgment and all other issues in appeals from decisions of immigration judges de novo."). Thus, there is no error of law.

Because the BIA committed neither error of law that Coreas alleges, we lack jurisdiction to review the BIA's discretionary decision to vacate the IJ's order. Thus, we will dismiss this portion of the petition.


III.

Next, Coreas claims that we ought to reverse the BIA's decision because his notice to appear was issued by one who is not authorized to do so: a group supervisor. The government

7

concedes that this is a legal issue, which we have jurisdiction to adjudicate.

The Code of Federal Regulations provides, in relevant part, the following:

> Any immigration officer, or supervisor thereof, performing an inspection of an arriving alien at a port-of-entry may issue a notice to appear to such alien. In addition, the following officers, or officers acting in such capacity, may issue a notice to appear:
>
> . . .
>
> (8)  Field operations supervisors;
> (9)  Special operations supervisors;
> (10) Supervisory border patrol agents;
>
> . . .
>
> (14) Supervisory    district    adjudications officers;
> (15) Supervisory asylum officers;
>
> . . .
>
> (23) Supervisory special agents;
>
> . . .
>
> (30) Supervisory deportation officers;
> (31) Supervisory   detention   and   deportation officers;
>
> . . .
>
> (38) Supervisory   service   center   adjudications officers;
>
> . . .
>
> (41) Other   officers   or   employees   of   the Department or of the United States who are delegated

8

the authority as provided by 8 C.F.R. [§] 2.1 to issue notices to appear.

8 C.F.R. § 239.1(a). Further, pursuant to 8 C.F.R. § 2.1,

All authorities and functions of the Department of Homeland Security to administer and enforce the immigration laws are vested in the Secretary of Homeland Security. The Secretary of Homeland Security may, in the Secretary's discretion, delegate any such authority or function to any official, officer, or employee of the Department of Homeland Security, including delegation through successive redelegation, or to any employee of the United States to the extent authorized by law. Such delegation may be made by regulation, directive, memorandum, or other means as deemed appropriate by the Secretary in the exercise of the Secretary's discretion. A delegation of authority or function may in the Secretary's discretion be published in the Federal Register, but such publication is not required.

The term "group supervisor" is not found in the 8 C.F.R. § 239.1(a) list, and we are baffled by the government's inability to define exactly what a "group supervisor" is, although specifically questioned about it at oral argument. We are also puzzled that it was unable to answer how the DHS delegated its authority such that a "group supervisor" could serve the notice to appear on Coreas pursuant to 8 C.F.R. § 2.1. Nevertheless, we are unable to say that the government's failure in this regard is enough to overcome the presumption of regularity that is attached to the DHS's issuance of a notice to appear. See Almy v. Sebelius, 679 F.3d 297, 309 (4th Cir. 2012) ("The presumption of regularity supports the official acts of public officers, and, in the absence of clear evidence to the

9

contrary, courts presume that they have properly discharged their official duties." (quoting United States v. Chem. Found., 272 U.S. 1, 14–15 (1926) (internal quotation marks omitted))).

Moreover, "an alien must 'establish prejudice . . . to invalidate deportation proceedings on a claim that [his] statutory or regulatory rights were infringed.'" Rusu v. INS, 296 F.3d 316, 320 (4th Cir. 2002) (alteration in original) (quoting Garcia-Guzman v. Reno, 65 F. Supp. 2d 1077, 1085 (N.D. Cal. 1999)). "And we may only find prejudice 'when the rights of [an] alien have been transgressed in such a way as is likely to impact the results of the proceedings.'" Id. at 320-21 (alteration in original) (quoting Jacinto v. INS, 208 F.3d 725, 728 (9th Cir. 2000)). Simply stated, Coreas has failed to establish such prejudice.

Thus, because Coreas has failed either to marshal any clear evidence to alter the presumption of regularity enjoyed by the DHS in its issuance of the notice to appear, or to demonstrate the required prejudice discussed above, we will deny his petition as to this issue.

IV.

Finally, Coreas maintains that we should reverse the BIA's decision because of the DHS's alleged failure to abide by the applicable regulations in drafting its NOA to the BIA. The

10

government agrees that this claim also involves a legal issue, which we have jurisdiction to decide.

As is relevant to Coreas's petition, 8 C.F.R. § 1003.3 states, "Where the appeal concerns discretionary relief, the appellant must state whether the alleged error relates to statutory grounds of eligibility or to the exercise of discretion and must identify the specific factual and legal finding or findings that are being challenged." Id. § 1003.3(b). Moreover, 8 C.F.R. § 1003.1(d)(2)(i)-(A) provides that "[a] single Boardmember or panel may summarily dismiss any appeal or portion of any appeal in any case in which: (A) The party concerned fails to specify the reasons for the appeal on Form EOIR-26 or Form EOIR-29 (Notices of Appeal) or other document filed therewith." There is also a warning on the BIA-provided NOA, which declares: "You must clearly explain the specific facts and law on which you base your appeal of the [IJ's] decision. The [BIA] may summarily dismiss your appeal if it cannot tell from this [NOA], or any statements attached to this [NOA], why you are appealing."

The DHS's NOA set forth only the following:

> The [IJ] erred in granting [Coreas's] application for cancellation of removal for certain permanent residents under Section 240(A)(a) of the [Immigration and Nationality Act] because [Coreas] does not merit a favorable exercise of the court's discretion. The [DHS] also reserves the right to raise additional issues after reviewing the transcript.

11

As such, there is no question that the DHS's NOA failed to follow either 8 C.F.R. § 1003.3, 8 C.F.R. § 1003.1(d)(2)(i)-(A), or the warning on the NOA. As noted by Coreas, the NOA

> (1) failed to identify the findings of fact and conclusions of law which [the] DHS was challenging, (2) failed to cite authority supporting [the] DHS's appeal as to questions of law, (3) failed to identify the specific findings of fact which [the] DHS was contesting, and (4) failed to state whether the asserted error related to the statutory grounds of [Coreas's] eligibility for cancellation of removal or to the exercise of discretion, and failed to identify the specific factual and legal findings being challenged.

For these reasons, the BIA could have properly dismissed the appeal. But, it did not.

Coreas cites only to one case to support his proposition that the DHS's NOA was legally insufficient to support its appeal: Rojas-Garcia v. Ashcroft, 339 F.3d 814 (9th Cir. 2003). In Rojas-Garcia, the Ninth Circuit considered whether the BIA properly dismissed an appeal. Id. at 821 ("[W]e reject Rojas-Garcia's argument that he stated grounds for appeal with sufficient particularity so as to avoid summary dismissal."). Here, however, we are called upon to decide whether it is proper for us to disturb the BIA's decision to consider the appeal. For the reasons that follow, we will not upset the BIA's decision.

12

First, "[t]he requirement of specificity is not jurisdictional." Pasha v. Gonzales, 433 F.3d 530, 532 (7th Cir. 2005). Hence, the BIA had the discretion to "choose between dismissing the appeal for failure to comply with the requirement of specificity . . . and proceeding to the merits." Id. at 533. We find no reversible error in its choosing the latter of these options.

Second, both 8 C.F.R. § 1003.1(d)(2)(i)(A) and the warning on the NOA state that the BIA "may summarily dismiss" an appeal when the NOA lacks specificity as to the reason for the appeal. Notably, neither one states that it "shall," "will," or "must" summarily dismiss the appeal. In other words, the BIA is permitted to dismiss the appeal, but it is not mandated to do so.

Coreas has pointed to no compelling reason as to how the BIA erred in considering the DHS's appeal in this matter, and we have been unable to uncover any. As such, we will deny Coreas's petition as to this issue, too.

V.

As set forth above, we have no jurisdiction to review the BIA's discretionary decision to vacate the IJ's order. And, as to the notice to appear and the NOA issues, we find no error.

13

Consequently, we dismiss Coreas's petition in part and deny it in part.

<u>PETITION DISMISSED IN PART</u>
<u>AND DENIED IN PART</u>
