**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-1956**

DENYS OLEKSANDROVYCH DIGALOV,

          Petitioner,

    v.

WILLIAM P. BARR, Attorney General,

          Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  June 17, 2020                    Decided:  July 8, 2020

Before GREGORY, Chief Judge, WILKINSON and RICHARDSON, Circuit Judges.

Petition dismissed in part and denied in part by unpublished per curiam opinion.

Jessica N. Sherman-Stoltz, SHERMAN-STOLTZ LAW GROUP, PLLC, Gum Spring, Virginia, for Petitioner.  Joseph H. Hunt, Assistant Attorney General, Linda S. Wernery, Assistant Director, Walter Bocchini, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Denys Oleksandrovych Digalov, a native and citizen of Ukraine, petitions for review of an order of the Board of Immigration Appeals (Board) sustaining the Department of Homeland Security's (DHS) appeal and reversing the immigration judge's (IJ) grant of Digalov's application for cancellation of removal. The Attorney General moved to dismiss the petition for lack of jurisdiction under 8 U.S.C. § 1252(a)(2)(B)(i) (2018), and we deferred action on the motion pending briefing. For the reasons set forth below, we now dismiss in part and deny in part the petition for review.

Under 8 U.S.C. § 1252(a)(2)(B)(i), entitled "Denials of discretionary relief," "no court shall have jurisdiction to review any judgment regarding the granting of relief under section . . . 1229b," which is the section governing cancellation of removal.* In this case, the Board denied Digalov's application for cancellation of removal as a matter of discretion. Thus, we lack jurisdiction over the petition for review, except to the extent that Digalov asserts questions of law or constitutional claims that fall within the exception set forth in 8 U.S.C. § 1252(a)(2)(D) (2018) (stating that no provision limiting judicial review "shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals"). *See Higuit v. Gonzales,* 433 F.3d 417, 419 (4th Cir. 2006) ("[T]he REAL ID Act confers upon courts of

---

* As set forth in the Attorney General's brief, we also lack jurisdiction "to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section . . . 1227(a)(2)(A)(iii), (B), (C), or (D)." 8 U.S.C. § 1252(a)(2)(C) (2018). Digalov was found removable pursuant to 8 U.S.C. § 1227(a)(2)(B)(i) (2018), as an alien convicted of a controlled substance violation.

2

appeal a narrowly circumscribed jurisdiction to resolve constitutional claims or questions of law raised by aliens seeking discretionary relief."). On appeal, Digalov claims that he raises two issues that fall under the jurisdictional exception set forth in 8 U.S.C. § 1252(a)(2)(D): (1) the Board committed legal error when it failed to address or consider that Digalov and his qualifying relatives would suffer hardship if he is removed to Ukraine; and (2) the Board applied the incorrect standard of review in overturning the IJ's credibility finding.

Digalov's claim that the Board failed to address or consider the potential hardship to him and his family in weighing the equities in his case does not raise a colorable question of law under § 1252(a)(2)(D). Instead, he raises a factual challenge to how the agency considered and weighed the equities in his case. "[C]ourts have recognized arguments such as that an [IJ] or the [Board] incorrectly weighed evidence, failed to consider evidence or improperly weighed equitable factors are not questions of law under § 1252(a)(2)(D)." *Jarbough v. Att'y Gen.*, 483 F.3d 184, 189 (3d Cir. 2007). Additionally, we have "decline[d] to stretch reason to locate questions of law in what we have properly analyzed as a factual determination." *Saintha v. Mukasey*, 516 F.3d 243, 251 (4th Cir. 2008); *see Higuit*, 433 F.3d at 420 ("We are not free to convert every immigration case into a question of law, and thereby undermine Congress's decision to grant limited jurisdiction over matters committed in the first instance to the sound discretion of the Executive.").

In any event, in weighing the equities and determining whether Digalov was entitled to relief as a matter of discretion, the Board considered the presence of Digalov's family members in the United States as a positive equity. We have recognized that "[t]he Board

3

need not . . . write an exegesis on every contention. What is required is merely that it consider the issues raised and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." *Casalena v. INS*, 984 F.2d 105, 107 (4th Cir. 1993) (internal quotation marks omitted). Because Digalov fails to raise a colorable claim in this regard, we grant the motion to dismiss in part and dismiss this portion of the petition for review.

Digalov next claims that the Board applied the incorrect standard of review in overturning the IJ's adverse credibility finding. "Whether the [Board] has applied the proper standard of review is a question of law for purposes of our jurisdiction under 8 U.S.C. § 1252(a)(2)(D), which we review de novo." *Duncan v. Barr*, 919 F.3d 209, 213 (4th Cir. 2019). Contrary to Digalov's argument on appeal, however, the Board did not overturn the IJ's credibility finding. Although the Board discussed Digalov's credibility, it ultimately declined to reach the issue and instead concluded that cancellation of removal was not warranted in the exercise of discretion. Moreover, based on our review of the record, we conclude that the Board properly applied the standards of review set forth in 8 C.F.R. § 1003.1(d)(3) (2018). We therefore deny the motion to dismiss in part and deny this portion of the petition for review.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DISMISSED IN PART
AND DENIED IN PART*